# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

_____ FILED _____ LODGED
_____ RECEIVED
Feb 18, 2020
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

In the Matter of the Search of:

**DEONDRE HALL-HURLING**

Case No. MJ20-5028

## APPLICATION FOR A SEARCH WARRANT FOR BLOOD SAMPLE

I, Timothy Johnson, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that a sample of blood consisting of one of more tubes or vials should be taken from the following person:

**DEONDRE HALL-HURLING**

located in the Western District of Washington and that this blood sample is evidence of the following crime or crimes.

- [x] Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R § 1.218
- [ ] Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218
- [ ] Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13
- [ ] Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13
- [ ] Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13
- [ ] _____

This application is based on the facts set forth in the attached affidavit which is incorporated herein as if fully set forth.

Pursuant to Fed. R. Crim. P. 4.1 & 41(d)(3), this warrant is presented:

- [x] By reliable electronic means.
- [ ] Telephonically (and recorded).

_____
TIMOTHY JOHNSON
SUPERVISORY POLICE OFFICER

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on this 18th day of February, 2020.

_____
THE HON. DAVID W. CHRISTEL
UNITED STATES MAGISTRATE JUDGE

Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| In the Matter of the Search of:<br>DEONDRE HALL-HURLING | Case No. |
|---|---|

## A SEARCH AND SEIZURE WARRANT FOR A BLOOD SAMPLE

To: Any authorized law enforcement officer

An application by a federal law enforcement officer requests the search of the following person located in the Western District of Washington

DEONDRE HALL-HURLING

I find that the affidavit establishes probable cause to search and seize the person described above for evidence of the following crime or crimes:

- ☒ Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

- ☐ Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

- ☐ Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13

- ☐ Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13

- ☐ Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13

- ☐ _____

**YOU ARE COMMANDED** with the assistance of a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in Chapter 18.88A of the Revised Code of Washington (RCW), a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter 18.135 of the RCW, or any technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from **DEONDRE HALL-HURLING**. The extracted blood sample may later be tested to determine the blood alcohol level and/or the presence of any drugs that may have impaired the ability of this individual to drive. The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge in this District.

Date and time issued: 2/18/2020 at 5:00 a.m.

City and state: Tacoma, Washington

_____
THE HON. DAVID W. CHRISTEL
UNITED STATES MAGISTRATE JUDGE

| | | |
|---|---|---|
| | **RETURN** | |
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |

A sample of blood consisting of _____ tubes or vials of blood was extracted from the person of _____ in the County of _____, on _____, 201\_\_\_\_, at _____ (time) by _____,

who is employed by _____, as a:

- ☐ Physician
- ☐ A registered nurse
- ☐ A licensed practical nurse
- ☐ A nursing assistant as defined in chapter 18.88A of the Revised Code of Washington
- ☐ A physician assistant as defined in chapter 18.71A of the Revised Code of Washington
- ☐ A first responder as defined in chapter 18.73 of the Revised Code of Washington
- ☐ An emergency medical technician as defined in chapter 18.73 of the Revised Code of Washington
- ☐ A health care assistant as defined in chapter 18.135 of the Revised Code of Washington
- ☐ A technician trained in withdrawing blood

Acknowledged by Person from whom blood was extracted: _____
Date: _____  Time: _____

Acknowledged by Person who extracted the blood: _____
Date: _____  Time: _____

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated magistrate judge.

City & State: _____  Date: _____

_____
Executing Officer's Signature

_____
Printed Name & Title

STATE OF WASHINGTON  )
                     )  ss
COUNTY OF PIERCE     )

## AFFIDAVIT OF TIMOTHY JOHNSON

I, Timothy Johnson, a Supervisory Police Officer located at Joint Base Lewis-McChord in Pierce County, Washington, having been duly sworn, state as follows:

## AFFIANT BACKGROUND

1. I have served as a law enforcement officer as both a Military Police Officer and Department of the Army Civilian Police Officer with a combined total of 18 years' law enforcement experience. My training and experience relevant to the investigation discussed below includes the following: Basic law enforcement training with the United States Army Military Police Advanced Individual Training and Department of the Army Civilian Police Academy, Training in Standardized Field Sobriety Testing to National Highway Traffic Safety Administration (NHTSA) Standards, Continuing law enforcement training with Northwestern University obtaining (NHTSA) instructor certification for Standardized Field Sobriety Testing (SFST), and the International Association of Chiefs of Police (IACP) Advanced Roadside Impaired Driving Enforcement (A.R.I.D.E.) course. I am currently certified as an operator for the breath-testing instrument in the State of Washington. Through my past training and experience I have learned to recognize signs of alcohol and/or drug impairment in persons and to determine whether or not a person's ability to operate a motor vehicle safely is impaired. I am also aware from my training and experience that most drugs once ingested including alcohol, will be detectable in a person's blood. I am also trained to recognize the signs and evidence of an alcohol and/or drug related collision. I have received training in collision investigation while attending the three week Traffic Management Collision Investigation (T.M.C.I.) course.

2. The entire incident I am about to describe occurred in the jurisdictional boundaries of Joint Base Lewis-McChord, Washington.

3. The information presented in this affidavit is:

☒ Based on my personal observations and interviews that I have conducted, along with information conveyed to me by a Washington State Patrol Trooper and the Lakewood Police Department.

INTRODUCTION AND PURPOSE OF THE AFFIDAVIT

4. The purpose of this affidavit is to seek a search warrant to authorize me or other law enforcement officers to direct a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in Chapter 18.88A of the Revised Code of Washington (RCW), a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter 18.135 of the RCW, or any technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from **DEONDRE HALL-HURLING** (hereafter "the Subject"). This warrant is requested for the purpose of gathering evidence of the following crime(s):

☒ Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

☐ Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

☐ Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13

☐ Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13

☐ Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13

☐ _____

5. I am seeking to present this application for a search warrant by electronic means because the natural metabolization of alcohol or drugs in the bloodstream may result in the loss of this evidence in the time it would take to present a search warrant application in a more traditional fashion.

## SUMMARY OF PROBABLE CAUSE

6. As a result of my duties I am familiar with the jurisdictional boundaries of Joint Base Lewis-McChord in Pierce County, Washington. The incident described below occurred within these jurisdictional boundaries, an area within the special maritime and territorial jurisdiction of the United States as defined in 18 U.S.C. § 7.

7. The initial contact with the Subject occurred on February 18, 2020 at approximately 1:23 a.m. at Joint Base Lewis-McChord, Washington.

8. Based on my training and experience, I believe the Subject may be under the influence of intoxicants or drugs for the following reasons: I was dispatched by the Joint Base Emergency Communications Center to the Woodbrook Gate, located on Joint Base Lewis-McChord, Washington, following a request for assistance by the Lakewood Police Department. Off-Duty Washington State Patrol ("WSP") Trooper Robert Jones, who observed the Subject driving well below the speed limit on Interstate 5-North and exit Gravely Lake Drive. WSP Trooper Jones stated the Subject turned right onto Gravely Lake Drive, traveling east bound towards the McChord Field Woodbrook Gate Access Control Point. Thereafter, the Subject made a 90 degree left turn off the roadway down a steep embankment before striking a Joint Base Lewis-McChord perimeter fence. WSP Trooper Jones observed the Subject exit his vehicle from the driver's seat and noted there were no other passengers in the vehicle.

9. Prior to my arrival, the Subject was advised of his legal rights by Lakewood Police Department Officer J. Vahle. Upon my contact with the Subject, I detected an obvious odor an alcoholic beverage emanating from his person. The Subject was swaying in all directions while standing and his speech was slurred and his responses were delayed. I asked the Subject if he would be willing to submit to a series of Standardized Field Sobriety Tests to determine if he was safe to drive, to which the Subject refused. At 1:33 a.m., the Subject was placed under arrest for suspicion of Driving Under the Influence. I advised the Subject of his legal rights again while transporting him to the Joint Base Lewis-McChord substation for further processing.

10. Upon arrival at the Joint Base Lewis-McChord substation, the Subject stated he needed to use the restroom. I advised the Subject that as soon as I removed his handcuffs, I would escort him to the restroom. While removing the handcuffs, the Subject began urinating on the floor inside of the interview room. I asked the Subject if he still needed to use the restroom and he said no. I escorted the Subject into the BAC room to begin the BAC process, and again advised the Subject of his legal rights using the Washington State DUI Arrest Report. The Subject refused to sign the form indicating he understood his rights, however, he indicated that he wished to speak to an attorney. At 2:10 a.m., I made contact with the Federal Public Defender's Office and spoke with Federal Public Defender John Carpenter. Mr. Carpenter spoke with the Subject. After speaking with the Subject, Mr. Carpenter asked to speak to me. While speaking with Mr. Carpenter, he informed me that he advised the Subject to submit to breath testing and refuse to answer any further questions.

11. After being afforded the opportunity to speak with the Federal Public Defender, the Subject was escorted back to the BAC room, where he was advised of the Implied Consent Warning on the Washington State DUI Arrest Report, which he refused to sign. However, the Subject indicated he would be willing to submit to breath testing. During this time, the Subject was not following directions and was talking incoherently. I held out the breath testing tube for the Drager breath test instrument and asked the Subject to provide a breath sample. The Subject took a deep breath and blew while the mouth piece to the breath test tube was approximately 12 inches from his face. I instructed the Subject that he needed to hold the breath test tube in his hand, press his lips to the mouth piece and blow into the breath test tube until told to stop. The Subject held the breath test tube and pressed his lips to the mouth piece but continued breathing through his nose. I advised the Subject that if he refused to provide a breath sample, he would be listed as a refusal. The Subject failed to provide a breath sample and was listed as a refusal.

12. The Subject:

☒ Has refused to take a breath Alcohol test on an instrument approved by the State Toxicologist or a federal agency for such breath testing.

13. A sample of blood extracted from the Subject, if taken within a reasonable period of time after he/she last operated, or was in physical control of, a motor vehicle, may be tested to determine his/her current blood alcohol level and to detect the presence of any drugs that may have impaired his/her ability to drive. This search warrant is being requested within approximately three hours after the Subject ceased driving or was found in physical control of a motor vehicle.

## CONCLUSION

14. For the reasons stated above, I request authority to direct a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in chapter 18.88A of the RCW, a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter 18.135 of the RCW, or a technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from DEONDRE HALL-HURLING.

15. This application for a warrant is being presented electronically pursuant to Fed. R. Crim P. 4.1 & 41(d)(3).

I certify (or declare) under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 18 day of February, 2020.

TIMOTHY JOHNSON, AFFIANT
SUPERVISORY POLICE OFFICER
JOINT BASE LEWIS-MCCHORD

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit on this 18th day of February, 2020.

THE HON. DAVID W. CHRISTEL
UNITED STATES MAGISTRATE JUDGE